IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN CENTER FOR ) <br> EQUITABLE TREATMENT, INC. ) <br> 6100 Elton Avenue, Suite 1000 ) <br> Las Vegas, NV 89107 ) <br>       ) <br>       Plaintiff     ) <br>   v.         ) <br>       ) <br> THE UNITED STATES PATENT ) <br> AND TRADEMARK OFFICE ) <br> Madison Building East, Room 10B20 ) <br> 600 Dulany Street ) <br> Alexandria, VA 22314 ) <br>       ) <br>       Defendant   ) <br>       ) | Civil Action No. | |

**COMPLAINT**

Plaintiff, the AMERICAN CENTER FOR EQUITABLE TREATMENT, INC., through its counsel DINSMORE & SHOHL LLP, brings this complaint against defendant, THE UNITED STATES PATENT AND TRADEMARK OFFICE for violating the Freedom of Information Act.

<u>Summary</u>

1. The United States Patent and Trademark Office (PTO) has violated the Freedom of Information Act, 5 U.S.C. § 552 et seq., by unlawfully withholding responsive agency records properly requested by the American Center for Equitable Treatment, Inc. (American Center).

<u>Jurisdiction and Venue</u>

2. This court has subject matter and personal jurisdiction under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C), 28 U.S.C. § 1331, and 5 U.S.C. § 706 et seq.

3. Venue is proper under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 703 and 28 U.S.C. § 1391(e).

Parties

4. The American Center is a non-profit 501(c)(3) corporation. The American Center's purpose is to investigate, conduct research, and educate the public on the importance of fair, efficient, and effective administration of government laws and policies with respect to technology, innovation, and intellectual property; to identify barriers to fair and effective administration of the laws respecting technology, innovation, and intellectual property; to promote accountability and transparency in the government's administration of the Patent Act and other statutes; and to further these goals and protect the rule of law through investigation, research, conferences, electronic and other information dissemination, administrative proceedings, and litigation, if necessary.

5. PTO is an agency subject to the Freedom of Information Act.

Facts

6. The American Center's Freedom of Information Act request was filed on June 10, 2016. (Exhibit A.)

7. It was acknowledged by PTO on June 13, 2016 and designated FOIA Request No. F-16-00215. (Exhibit B.)

8. On July 19, 2016, PTO emailed the American Center's counsel stating PTO anticipated completing its review by Friday, July 22, 2016, or "sooner if possible."

9. On July 26, 2016, responding to an email from the American Center's counsel, PTO emailed that there had been a delay due to "a technical issue involving the electronic

delivery of responsive records..." and that the records would be delivered to the American Center "before the weeks [sic] end."

10. On July 28, 2016, PTO emailed that "Although the data transfer issues have been resolved, the employee in patents responsible for providing the responsive records is out of the office until August 3. I was just notified of this today. As a result, this won't be complete until August 8 at the earliest."

11. Also on July 28, 2016, PTO emailed: "We will waive all fees. I won't know whether there will be exemptions until I have had a chance to review the documents."

12. On August 9, 2016, PTO emailed: "The documents are all uploaded and I have begun my review....There are about 1100 pages. I was made aware (today) that there is one other person that may have documents responsive to the request but they [sic] are out of the office for the next week and a half. I am proposing a rolling release. I give what I have now and the rest to follow over the next few weeks."

13. On August 31, the American Center emailed PTO, advising that it was "ready for the rolling release" and asking "When will we begin to see records?"

14. There was no response.

15. On September 6, 2016, the American Center appealed PTO's constructive denial of FOIA Request No. F-16-00215. (Exhibit C.)

16. On September 9, 2016, the PTO responded "Your Appeal of the decision in Freedom of Information Act (FOIA)/Privacy Act Request No. F-16-00215 was received by the United States Patent and Trademark Office [and] has been docketed as 'FOIA Appeal No. A-16-00029.'" It said "The Agency expects to send its response to

this appeal no later than Thursday, October 6, 2016. You will be notified if it appears that additional time is required." (Exhibit D.)

17. By letter dated October 5, 2016, and received October 11, 2016, PTO issued an initial decision (Exhibit E) and disclosed 901 pages of extensively redacted records. (Exhibit F.) This was an "adverse determination" in that:

    a. PTO did not disclose requested "estimates of paperwork burden and their derivation" including, but not limited to, "underlying assumptions and data used for the derivation and estimates; tabulations, mathematical models, calculations, analysis, computer spreadsheets in their native form and in their entirety (with all cells accessible) including embedded cell relationships, cell-reference links and embedded equations."

    b. PTO did not disclose requested metadata.

    c. On August 9, 2016, PTO emailed that there were "about 1100 pages" of responsive records and that "one other person that may have documents responsive to the request…" However, it provided only 901 pages without accounting for the other identified records.

    d. Records disclosed by PTO refer to responsive "reports" that were improperly withheld.

    e. PTO repeatedly violated 44 U.S.C. § 3507(e)(2). *See, e.g.,* Exhibit 5 *(USPTO Disclosure)* at pps. 4, 277, 369, 424 - 25, 472 - 533, 535, 599 - 600, 757- 58, 864 - 68.

    f. PTO abused FOIA exemption (b)(5) by unlawfully claiming non-existent attorney-client privileges. *See, e.g., id.* at pps. 277, 369, 424, 692, 896 (claiming "Atty Client Priv" for persons who are neither attorneys engaged in the practice of law for a specific client and bound by applicable Rules of Professional Conduct nor clients of such an attorney who is in direct communication with him or her regarding the subject of the engagement).

    g. PTO abused FOIA exemption (b)(5) by manifestly failing to demonstrate compliance with 5 U.S.C. § 552(a)(8)(A). To lawfully claim an exemption and redact records, the agency must demonstrate that it "reasonably" foresees legal harm (not merely agency embarrassment) due to potential disclosure of the subject information, that it has considered whether partial disclosure is possible, and that it has taken "reasonable steps" to segregate and release nonexempt information. However, there is no evidence PTO undertook this analysis or made the requisite findings based on the facts of this case. *See, e.g., id.* at pps. 2 - 3, 5 - 27, 29 - 70, 72 - 91, 98 - 267, 308 - 10, 370 - 416, 433 - 533, 535, 571 – 78, 584 – 94, 596 – 663, 674 – 863, 873 – 882, 884 – 901 (claim of "Delib Proc Priv" without a demonstration of reasonably foreseeable legal harm, consideration

4

whether partial disclosure is possible, and reasonable steps to segregate and facilitate disclosure).

18. PTO stated: "You have the right to appeal this initial decision to the Deputy General Counsel, United States Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. An appeal must be received within 90 calendar days from the date of this letter."

19. The American Center appealed the adverse initial decision on November 16, 2016, less than 90 days from the date it was issued. (Exhibit G)(exhibits omitted). PTO acknowledged receipt of the appeal on November 21, 2016. (Exhibit H).

20. On December 19, 2016, PTO denied the American Center's appeal solely on the grounds that it was untimely, for it had not been filed within 30 days of the adverse determination. (Exhibit I.)

Claims for Relief

21. The American Center repeats paragraphs 1 – 20.

22. PTO is in continuing violation of the Freedom of Information Act.

23. If PTO's regulations authorize its conduct in this case then those regulations unlawfully conflict with the Freedom of Information Act and are ultra vires and unenforceable.

24. As PTO recognized, the American Center is entitled to a 5 U.S.C. § 552(a)(4)(A)(iii) fee waiver for disclosure of the information requested is in the public interest because it is likely to contribute significantly to public understanding of PTO's operations and activities and is not primarily in the American Center's commercial interest.

25. Regardless, because PTO has failed to comply with the Freedom of Information Act's time limits it is barred by 5 U.S.C. § 552(a)(4)(A)(viii) from assessing fees in this case.

26. The American Center is entitled to injunctive relief compelling PTO to release all of the requested records in compliance with the Freedom of Information Act, a fee waiver, and payment of its costs and reasonable attorney fees.

## Requested Relief

WHEREFORE, the American Center asks this Court to Order:

A. That PTO must produce all responsive records to Request No. F-16-00215 within ten (10) business days, or show cause why it cannot do so.

B. That PTO must pay Plaintiff's costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

C. That the American Center be granted such other relief as may be just and proper.

Respectfully submitted,
DINSMORE & SHOHL LLP

/s/ Reed D. Rubinstein
Reed D. Rubinstein (VA Bar. No. 25011)
801 Pennsylvania Ave., N.W., Suite 610
Washington, D.C. 20004
Phone: (202) 372-9100
Fax: (202) 372-9141
reed.rubinstein@dinsmore.com

**Attorneys for the American Center**